THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSHUA FIERER, Defendant-Appellant.

Third District   No. 3—89—0411

Opinion filed April 12, 1990.

Edward M. Genson, Jeffrey B. Steinback, and Marc W. Martin, all of Genson, Steinback & Gillespie, of Chicago (James Cutrone, of counsel), for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Joshua Fierer, filed motions to bar his prosecution for first degree murder and dismiss the indictment against him on grounds of double jeopardy. The circuit court of Tazewell County denied the motions, and the defendant brings this appeal pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)).

At the defendant's first murder trial, the jury found the defend-

ant guilty but mentally ill (GBMI) (Ill. Rev. Stat. 1987, ch. 38, par. 115—4(j)) and he was sentenced to 30 years in prison. On appeal, this court reversed and remanded the cause for a new trial (*People v. Fierer* (1987), 151 Ill. App. 3d 649, 503 N.E.2d 594), and the Illinois Supreme Court affirmed this court's reversal (*People v. Fierer* (1988), 124 Ill. 2d 176, 529 N.E.2d 972). The facts of the case are adequately set forth in those opinions and need not be repeated here. This court found, *inter alia*, and the supreme court agreed that the jury was improperly instructed on the verdict of GBMI. The jury was instructed that in order to find the defendant guilty but mentally ill it must find, among other things, that "[b]y a preponderance of the evidence [the] defendant was sane at the time of the commission of the offense." However, section 115—4(j) of the Code of Criminal Procedure of 1963 requires that the jury be instructed that it must find beyond a reasonable doubt that the defendant was not legally insane at the time of the commission of the alleged acts. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4(j).) We therefore reversed and remanded the cause for a new trial.

On appeal in the instant case, the defendant contends his retrial for murder violates the double jeopardy provisions of the United States Constitution (U.S. Const., amend. V) and the Illinois Constitution (Ill. Const. 1970, art. I, §10).

The defendant argues that reprosecution is barred by the implied acquittal doctrine. (See *Green v. United States* (1957), 355 U.S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221.) In *Green*, the jury was instructed on both first and second degree murder and found Green guilty of second degree murder. The verdict was silent as to the first degree murder charge. On appeal, his conviction was reversed and remanded for a new trial. At retrial, Green was found guilty of first degree murder. The United States Supreme Court reversed Green's conviction, holding that the jury's silence in the first trial on the first degree murder charge and finding of guilt for second degree murder constituted "an implicit acquittal on the charge of first degree murder." 355 U.S. at 190, 2 L. Ed. 2d at 206, 78 S. Ct. at 225.

In the instant case, the defendant contends that the jury's verdict of GBMI implicitly acquitted him of murder and that therefore he cannot again be tried for murder without twice being put "in jeopardy of life or limb." Under the circumstances and given the nature of a GBMI verdict, we find no merit to the defendant's contention.

■■ ■ In *People v. Crews* (1988), 122 Ill. 2d 266, 522 N.E.2d 1167, the Illinois Supreme Court upheld the death sentence of a defendant who pled guilty but mentally ill. The court stated: "A

GBMI offender is no less guilty than one who is guilty and not mentally ill; unlike insanity, a GBMI finding or plea does not relieve an offender of criminal responsibility for his conduct. By its plain terms, section 5—2—6(a) authorizes imposition on a GBMI offender of any sentence that could be imposed on one convicted of the same offense without the additional finding of mental illness ***." *(People v. Crews* (1988), 122 Ill. 2d 266, 278, 522 N.E.2d 1167, 1173.) In finding a defendant guilty but mentally ill, the trier of fact is finding the defendant guilty of the offense charged and also finding that he was mentally ill at the time the acts were committed. In the instant case, the jury's determination did not constitute an implicit acquittal of the murder charge. The jury found the defendant guilty of murder but mentally ill; this is not the same as the jury implicitly finding the defendant not guilty of murder because it found him guilty of some other offense, such as second degree murder.

In a related argument, the defendant contends that guilty of murder but mentally ill is a lesser included offense of murder. Initially, we note the defendant cites no authority for the proposition that GBMI is a lesser included offense of the crime charged. The defendant contends a finding of GBMI requires a less culpable mental state than a finding of murder.

An included offense is defined as an offense which is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1987, ch. 38, par. 2—9(a).) Section 6—2(c) of the Criminal Code of 1961 states: "A person who, at the time of the commission of a criminal offense, was not insane but was suffering from a mental illness, is not relieved of criminal responsibility for his conduct and may be found guilty but mentally ill." (Ill. Rev. Stat. 1987, ch. 38, par. 6—2(c).) As the supreme court stated in *Crews*, a defendant found guilty but mentally ill is no less guilty than one who is guilty but not mentally ill. To find the defendant GBMI, the jury must find the defendant guilty of the offense charged and find the additional element of mental illness. The finding of GBMI is not a finding of a lesser included offense than the offense charged. We find no merit to the defendant's contention that a verdict of GBMI requires a finding of a less culpable mental state. Therefore, the defendant in the instant case was not found guilty of a lesser included offense of murder.

The defendant also argues that the State failed to prove the defendant sane beyond a reasonable doubt at his first trial, and therefore cannot be given a second opportunity to prove this element.

The defendant contends that because the jury found him sane by a preponderance of the evidence, the State failed to prove the defendant sane beyond a reasonable doubt. It is true that the double jeopardy clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. (*Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141; *People ex rel. Daley v. Crilly* (1985), 108 Ill. 2d 301, 483 N.E. 2d 1236.) However, in the instant case, the defendant's earlier conviction was reversed based on trial error, *i.e.*, the improper jury instruction, not insufficiency of the evidence. As the United States Supreme Court stated in *Burks*: "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e.g.*, incorrect receipt or rejection of evidence, *incorrect instructions*, or prosecutorial misconduct." (Emphasis added.) (*Burks v. United States* (1978), 437 U.S. 1, 15, 57 L. Ed. 2d 1, 12, 98 S. Ct. 2141, 2149.) The jury was improperly instructed on the burden of proof as to sanity, and its finding in no way implies that the State failed to present sufficient evidence to prove the defendant sane beyond a reasonable doubt. This court's reversal and remand for a new trial implied nothing regarding the guilt or innocence of the defendant or the sufficiency or insufficiency of the evidence presented by the State. There is no merit to defendant's contention that the State failed to prove him sane beyond a reasonable doubt at his first trial.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.