THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD NAVARRO, Defendant-Appellant.

First District (5th Division)   No. 1—88—1803

Opinion filed September 28, 1990.—Rehearing denied November 19, 1990.

Louis B. Garippo, Susan G. Feibus, and Thomas A. Moore, all of Louis B. Garippo, Ltd., of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

On May 26, 1988, Gerald Navarro (Navarro) was convicted of delivery of more than 30 grams of a controlled substance (Ill. Rev. Stat. 1983, ch. 56½, par. 1401 (a)(2)) and sentenced to six years in the custody of Illinois Department of Corrections. Navarro appeals his conviction and sentence.

Navarro was indicted and initially tried in a bench trial with two codefendants, James Geraldi and Michele Carone. Geraldi and Navarro were found guilty at the bench trial but Carone's motion for a directed verdict was granted.

Navarro retained new counsel who filed a supplemental motion for a new trial alleging ineffective assistance of counsel. The motion was granted.

Prior to the retrial Navarro attempted to waive a jury. Based on the then State statute the State invoked its then right to a jury trial in criminal cases (Ill. Rev. Stat. 1987, ch. 38, par. 115—1). The trial court rejected Navarro's jury waiver. Navarro's retrial before a jury resulted in a guilty verdict and the imposition of a six-year sentence. The State concedes Navarro must be retried since the Illinois Supreme Court held in *People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, 533 N.E.2d 873, that the statute giving the State a right to a jury in a criminal matter was unconstitutional. Subsequently, the Illinois Supreme Court held that the *Joyce* decision should be applied retroactively. *People v. Gersch* (1990), 135 Ill. 2d 384, 553 N.E.2d 281.

However, in addition to that issue, Navarro raises the issues of double jeopardy, whether the trial court erred when it admitted hearsay statements of a codefendant and whether the trial court erred when it refused a jury instruction. Since reversal of the conviction is necessary, we address only the double jeopardy issue. The other errors, if any, are evidentiary in nature and the failure to instruct. If

retrial is necessary it is assumed that those errors, if errors at all, will be corrected.

The nub of Navarro's double jeopardy issue is the fact that after the initial bench trial the trial court granted Navarro's motion for a new trial and then held a jury trial that ended with a finding of guilty. Navarro contends that in light of the court's statements which questioned the outcome of defendant's trial, the trial court effectively expressed a reasonable doubt as to defendant's guilt.

■ Illinois criminal law precludes a retrial of a defendant in cases among others where there was a determination in the former trial that the evidence was insufficient to warrant a conviction (Ill. Rev. Stat. 1989, ch. 38, par. 3—4(a)(1)) or where in setting aside, reversing or vacating a conviction, "the defendant was thereby adjudged not guilty." (Ill. Rev. Stat. 1987, ch. 38, par. 3—4(d)(2).) Neither situation exists in the present case. Therefore, we reject Navarro's argument and reverse and remand as required by *People ex rel. Daley v. Joyce* (1988), 126 Ill. 2d 209, 533 N.E.2d 873.

Navarro alleges that although the trial court granted a new trial based upon ineffectiveness of counsel rather than evidence insufficiency, the trial court's comments supported a factual finding that the evidence at trial was insufficient. Navarro refers to statements made by the trial court when granting the new trial. The trial court specifically stated:

> "It is possible and in fact, perhaps well I won't say likely, but certainly possible the result would have been different had those attorneys prepared in a suitable manner or had some other attorneys prepared in a suitable manner."

Navarro also refers to the trial court's comment that the case against Navarro was a "close case" and that the court had given "this matter some thought for days afterwards."

■ The trial judge applied the standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and ordered a new trial for Navarro due to the ineffective assistance of his initial counsel. The trial court did not order the new trial due to a lack of evidence or an adjudication that Navarro was not guilty. Illinois' concepts of double jeopardy do not prohibit a new trial where the procedure in the initial trial was flawed by the ineffective assistance of counsel; if they did, any defendant no matter how guilty could escape a retrial by his or her attorney feigning incompetency. If such were the situation, any counsel who defended an accused who was guilty beyond a reasonable doubt would have to be incompetent in order to satisfy the constitutional mandate of effective assistance of counsel.

Neither under the State nor Federal constitution nor any Illinois statute is the State precluded from retrying a defendant based on a trial error rather than evidentiary error. (*People v. Fierer* (1990), 196 Ill. App. 3d 404, 553 N.E.2d 807; *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141.) To hold otherwise would be putting form over substance in criminal matters. In *Burks* the court noted that double jeopardy does not preclude retrial of a defendant where the reason for reversal is trial error, that is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, as distinguished from evidentiary insufficiency. The trial court's decision to grant Navarro a new trial was based on the issue of the competency of his initial counsel, not the weight of the evidence. Had the trial court based its ruling in the first trial on the insufficiency of the evidence, the case against Navarro would have been concluded, no matter the correctness of the conclusion. Under our law Navarro is only entitled to a third bite on the apple of innocence, not the right to swallow it. If there were divine constitutional rights of due process, Adam and Eve, and maybe the rest of us, would still be in the Garden of Eden.

We reverse and remand for a new trial assuming that at the third trial Navarro's rights, including the requirement that his guilt be established with proper evidence and beyond a reasonable doubt, be zealously protected.

Reversed and remanded.

COCCIA, P.J., and GORDON, J., concur.